IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THOMAS GARY YOUNG II,
*individually and dba Afflicted of WV LLC*,

          Plaintiff,

v.                                        CIVIL ACTION NO.  5:16-cv-11342

AFFLICTION HOLDINGS, LLC,
and THE BUCKLE, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss Amended Complaint* (Document 16) and *Memorandum of Law in Support* (Document 17), the *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint* (Document 18), and the *Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint* (Document 19), as well as the Plaintiff's *Amended Complaint* (Document 12) and all attached exhibits.  For the reasons stated herein, the Court finds that the motion to dismiss should be granted.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The Plaintiff, Thomas Gary Young II, initiated this action by filing his complaint in the Circuit Court of Raleigh County, West Virginia, on July 21, 2016.  Mr. Young named Affliction Holdings LLC ("Affliction") and The Buckle, Inc. ("Buckle") as defendants.  The Defendants

1

removed the matter to this Court on November 23, 2016, citing diversity jurisdiction. On January 19, 2017, the Plaintiff filed an amended complaint, filing as Thomas Gary Young II, individually, and doing business as Afflicted of WV, LLC.

The amended complaint alleges that in or around October of 2013, Thomas Gary Young II, doing business as Afflicted of WV LLC, entered into a contract with the Defendant Affliction to sell Affliction's merchandise from his retail store in Beckley, West Virginia. Affliction is a clothing manufacturer and retailer based in Seal Beach, California. The Plaintiff's alleged contract with Affliction granted his store the "exclusive rights" to sell Affliction's clothing within a fifty-mile radius of his retail store in Beckley. (Pl.'s Compl. at ¶ 8.) Based on this contract, the Plaintiff purchased forty-seven thousand dollars' worth of merchandise from Affliction between November 2013 and February 2014. On February 14, 2014, the Plaintiff opened his retail store, at which time the Plaintiff alleges that Affliction forced other retail stores in the Beckley area to cease the selling of Affliction merchandise. However, on April 15, 2015, the Defendant Buckle opened a retail store in the Crossroads Mall located in Beckley, West Virginia. Buckle is a fashion retailer based in Kearney, Nebraska, that maintains and operates over 450 stores in 44 states nationwide. Upon opening its retail store in Crossroads Mall, Buckle also began to sell Affliction's merchandise within the same territory as the Plaintiff in violation of the alleged contract between the Plaintiff and Affliction.

Count I of the amended complaint alleges a breach of contract between the Plaintiff and Affliction. Count II alleges Affliction was unjustly enriched by its failure to honor the contract with the Plaintiff. Count III asserts a claim of promissory estoppel against Affliction for its failure to abide by the contract. Count IV claims tortious interference with business relations against

both of the Defendants, and Count V asserts a claim of intentional damage to the Plaintiff's business reputation. Count VI alleges that Affliction took part in fraudulent inducement, Count VII asserts a claim of civil conspiracy, and Count VIII seeks a declaratory judgment in the Plaintiff's favor.

The Defendants filed their joint motion to dismiss the amended complaint on February 2, 2017. The Plaintiff responded on February 14, 2017, and the Defendants replied on February 21, 2017. The motion is fully briefed and ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court

3

need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants argue that the Plaintiff's complaint should fail in its entirety. The Defendants assert that each claim of the Plaintiff's complaint is based on the existence of an alleged contract between the Plaintiff and the Defendants, and that the Plaintiff has failed to allege that such a contract was formed. Because the Plaintiff has failed to sufficiently allege that a contract was formed, the Defendants assert that the entire complaint should be dismissed. Moreover,

regardless of the existence of a contract between the Plaintiff and Affliction, the Defendants argue that the Plaintiff's amended complaint should be dismissed because he does not have standing to bring suit as an individual or doing business as Afflicted of WV LLC. The Defendants contend that Mr. Young does not have standing individually because any harm that did arise from the alleged breach of contract would have been an injury suffered by the business entity rather than Mr. Young. The Defendants further claim that Afflicted of WV LLC does not have standing as a business entity because it was administratively terminated by the West Virginia Secretary of State, thereby eliminating its ability to bring suit. The Plaintiff did not address the standing argument in his response in opposition to the motion to dismiss.

The Court finds Mr. Young does not have standing to sue, under these facts, in his individual capacity. The Supreme Court of the United States has established a three-part test used to determine whether a party has standing to sue: (1) the plaintiff must have suffered "an injury in fact" which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) there must be a "causal connection" between the plaintiff's injury and the conduct alleged in the complaint; and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Specifically concerning standing for business entities, the Fourth Circuit has held that "[i]t is considered a 'fundamental rule' that '[a] shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation." *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994) (internal citation omitted); *see also*, *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006) ("[I]t is fundamental

5

corporation and agency law . . . that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts."). In *Painter's Mill Grille, LLC v. Brown*, the Fourth Circuit specifically applied this fundamental rule to a limited liability company ("LLC") in holding that, because the members of an LLC "elected to conduct their business through a limited liability company . . . [a]t bottom, they gave up standing to claim damages to the LLC, even if they also suffered personal damages as a consequence." 716 F.3d 342 (4th Cir. 2013).

Similarly, the Plaintiff in the case at hand filed his amended complaint as "Thomas Gary Young II, *individually*, and Thomas Gary Young II d/b/a Afflicted of WV LLC." (Pl.'s Compl. at 1 (emphasis added).) In the amended complaint, the Plaintiff alleges that the actions of the Defendants caused harm to himself and to Afflicted of WV LLC. Because the Plaintiff elected to conduct his business as an LLC, he has no individual rights under the contract mentioned in his complaint, and any injury that arose from the allegations in his complaint was an injury suffered by the LLC. Therefore, the Court finds that the claims brought by Mr. Young in his individual capacity should be dismissed.

Secondly, according to the West Virginia Uniform Limited Liability Company Act ("WVULLCA"), the West Virginia Secretary of State has the authority to administratively dissolve an LLC that fails to, among other things, "deliver its annual report to the Secretary of State within sixty days after it is due." W.Va. Code § 31B-8-809. Once an LLC has dissolved, that company "continues after dissolution *only* for the purpose of winding up its business." W. Va. Code § 31B-8-802 (emphasis added). Once an LLC has been administratively dissolved, the company can apply for reinstatement within two years after the effective date of the dissolution. W.Va. Code

§ 31B-8-811(a). According the West Virginia Secretary of State's website, Afflicted of WV LLC was administratively dissolved by the Secretary of State on December 30, 2014, for failure to file its annual report.[1] (Defs.' Mot. to Dismiss, Exhibit C.) This public information does not reflect that Afflicted of WV LLC was ever reinstated as a legal business entity in West Virginia. Because the Plaintiff's LLC was administratively dissolved at the time of the filing of this action, it existed only for the legal purpose of winding up its business. The Court finds that bringing suit for claims not involving the distribution of the LLC's assets does not amount to an act of winding up the company's business.[2] Therefore, because Afflicted of WV LLC had been administratively dissolved at the time this action was brought, and because the filing of this action is not for the purpose of winding up the company's business, the Court finds that neither Mr. Young individually nor doing business as Afflicted of WV LLC has standing to sue. For this reason, the amended complaint should be dismissed, and the remaining arguments need not be addressed.

---

1 While the Plaintiff did not address the standing argument in his response in opposition, the Court notes that the Plaintiff does argue that by presenting matters outside of the amended complaint, including this information from the West Virginia Secretary of State's website, this Court should construe the Defendant's motion to dismiss as a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, and deny it. The Court finds this argument to be without merit. Specifically, the Court finds that Exhibit C of the Defendants' motion to dismiss is the only exhibit relied on by the Court in deciding this issue. Exhibit C is a public record maintained by the West Virginia Secretary of State and is accessible to the public on the secretary of state's website. According to the Fourth Circuit, the Court may take judicial notice of publicly available information in reviewing a motion to dismiss without converting said motion to a motion for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record.")). Therefore, because the evidence contained in Exhibit C is publicly available, the Court's judicial notice of it does not convert the Defendants' motion from one to dismiss to one for summary judgment.

2 The Court notes that the West Virginia Code does not give specific detail as to what does and does not constitute "winding up" a company's business. However, in *Decker v. Statoil USA Onshore Properties, Inc.*, No. 5:15CV114, 2015 WL 6159483, at *1 (N.D.W. Va. Oct. 20, 2015), the Northern District of West Virginia examined a similar issue surrounding an LLC formed under the Delaware Limited Liability Company Act. The Court found that once the LLC had dissolved and canceled, it "therefore ceased to exist as a legal entity . . . and could no longer sue or be sued." *See also*, *Hullinger v. Anand*, No. CV1507185SJOPJWX, 2015 WL 11072169, at *10 (C.D. Cal. Dec. 22, 2015) ("[I]t is a bedrock principle of corporate law that a properly cancelled LLC lacks capacity to sue . . . .").

**CONCLUSION**

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss Amended Complaint* (Document 16) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 24, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA